**No. 26519**

**The People of the State of Colorado v. Fred M. Geller**

(540 P.2d 334)

Decided September 15, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, John R. Rodman, Assistant, for plaintiff-appellee.

Newton and Johnson, Arnaud Newton, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

Fred M. Geller, the defendant, was found guilty by a jury of conspiracy to dispense a dangerous drug[1] and of possession of a dangerous drug with intent to dispense.[2] He was acquitted by the trial court of possession of marijuana,[3] and the jury found him not guilty of dispensing a dangerous drug.[4] He has appealed, and we now affirm.

---

[1] 1971 Perm. Supp., C.R.S. 1963, 40-2-201, now section 18-2-201, C.R.S. 1973; 1969 Perm. Supp., C.R.S. 1963, 48-8-2, now section 12-22-404, C.R.S. 1973; 1969 Perm. Supp., C.R.S. 1963, 48-8-10, now section 12-22-412, C.R.S. 1973.

[2] 1969 Perm. Supp., C.R.S. 1963, 48-8-2, now section 12-22-404, C.R.S. 1973; 1969 Perm. Supp., C.R.S. 1963, 48-8-10, now section 12-22-412, C.R.S. 1973.

[3] C.R.S. 1963, 48-5-2, now section 12-22-302, C.R.S. 1973; C.R.S. 1963, 48-5-20, now section 12-22-322, C.R.S. 1973.

[4] 1969 Perm. Supp., C.R.S. 1963, 48-8-2, now section 12-22-402, C.R.S. 1973; 1969 Perm. Supp., C.R.S. 1963, 48-8-10, now section 12-22-412, C.R.S. 1973.

The defendant complains that he was prejudiced and denied a fair trial by the introduction of testimony relating to certain conversations and transactions which occurred in January, February, and March 1973. The defendant claims that the testimonial evidence in issue was prejudicial and remote because his arrest took place on April 25, 1973. The testimony in issue related to conversations between an undercover agent and the defendant and between a coconspirator and the same undercover agent. The conversations were primarily directed toward arranging drug transactions, and in at least one instance, in January, actually resulted in the transfer of dangerous drugs to the agent.

The defendant contends that these conversations and transactions were criminal acts, separate and distinct from the crime for which he was charged (possession of a dangerous drug with intent to dispense), and that he was not afforded the procedural protections outlined in *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

The defendant made a motion *in limine* to prevent the prosecution from offering evidence of negotiations which occurred in January, February, and March. The trial judge denied the motion. Thereafter, the defendant did not make a contemporaneous objection to the introduction of the testimony. In instructing the jury, the trial judge gave an instruction which limited the use of the evidence of other transactions, in accordance with the mandate of *Stull v. People, supra.*

■ The general rule in Colorado is that evidence is not admissible which shows, or tends to show, that the accused committed a crime wholly independent of the offense for which he is on trial. *People v. Ihme,* 187 Colo. 48, 528 P.2d 380 (1974); *Wilkinson v. People,* 170 Colo. 336, 460 P. 2d 774 (1969). It is axiomatic that a defendant should only be tried for the offense with which he is charged. *Stull v. People, supra; Gill v. People,* 139 Colo. 401, 339 P.2d 1000 (1959). As articulated by *Stull,* the reason for this rule is that ". . . evidence of similar acts has inhering in it damning innuendo likely to beget prejudice in the minds of jurors, and that such evidence tends to inject collateral issues into a criminal case which are not unlikely to confuse and lead astray the jury. . . ."

■ Recognizing that a "hard and fast" application of this rule may lead to unjust results, certain exceptions have been carved out. Hence, where evidence of other criminal activity tends to show scheme, plan, intent, or design, the evidence will be admitted for that limited purpose. *People v. Ihme, supra; People v. Lamarito,* 180 Colo. 250, 504 P.2d 661 (1972); *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972); *Bacino v. People,* 104 Colo. 229, 90 P.2d 5 (1939). In such cases, the trial judge is required to instruct the jury on the limited purpose for which the evidence of other criminal acts is admitted. *Land v. People,* 171 Colo. 114, 465 P.2d 124 (1970); *Stull v. People, supra.*

■ On the basis of the foregoing, the defendant alleges that the trial judge was under a duty *sua sponte* to give a limiting instruction to the jury regarding the evidence of other conversations and transactions.

The factual situation of the instant case dictates otherwise. *Stull* is distinguishable in that the facts of that case involved "other transactions" of a "similar nature" which were *"wholly independent"* of the offense for which the defendant was on trial. In the instant case, the evidence of the conversations and transactions, far from being wholly independent of the crime charged, were "an integral part and parcel of the total picture" which surrounded the final drug transaction on April 25, 1973. *Wooley v. People*, 148 Colo. 392, 367 P.2d 903 (1961); *Dickerson v. People*, 179 Colo. 146, 499 P.2d 1196 (1972). The facts of which the defendant complains were directly connected to the chain of events leading to the act charged in the information, and, as such, were admissible even though the testimony which outlines the criminal transaction includes the commission of other crimes. *Land v. People, supra*; *Monge v. People*, 158 Colo. 224, 406 P.2d 674 (1965). The evidence tended to show a continuing plan, scheme, design, and intent on the part of the coconspirators to deal in illicit drugs with the undercover agent over a period of time which extended from January 1973 to the date of the defendant's arrest. *People v. Ihme, supra.*

Given these facts, the testimony was properly admitted, and the limiting instruction announced in *Stull v. People, supra*, was not necessary after the testimony was offered and received in evidence. *Dickerson v. People, supra.*

■ The defendant also contends that the other conversations and transactions were too remote in time to have any probative value as to the offense committed on April 25, 1973. This contention is answered by *Wooley v. People, supra.* In that case, the "other crimes" took place months after the date of the offense charged, yet those crimes were found to be "part and parcel of the total picture surrounding the homicide." The following statement summarizes the law:

"There is no fixed standard for determining remoteness. It is therefore necessary to consider all the circumstances of the case, the nature of the acts indicated or shown by the evidence offered, and the nature of the crime. In any case, the determination of whether evidence is too remote to be relevant is left to the discretion of the trial judge, and his decision will not be reversed in the absence of clear proof of an abuse of that discretion." 1 *Wharton's Criminal Evidence* § 149 (12th ed. R. Anderson). *See also Wilkinson v. People, supra.* We find no abuse of discretion on the part of the trial judge in this case.

Our decision in this case is not intended to expand the scope of admissible evidence which relates to criminal activities other than the offense with which a defendant is charged.

The remaining errors which are asserted by the defendant are not sufficiently meritorious to require discussion, and we, therefore, affirm.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.