## No. 26539

## The People of the State of Colorado v. Evert Owen Litsey

(555 P.2d 974)

Decided October 18, 1976.                    Rehearing denied November 15, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, Evert Owen Litsey, was charged by information with rape, first-degree kidnapping, and with being an habitual criminal. The jury returned a verdict of guilty of the lesser-included offense of gross sexual imposition and a verdict finding the defendant to be an habitual criminal. The defendant appeals, alleging numerous errors. We affirm.

The evidence, viewed in the light most favorable to the prosecution, showed that on October 16, 1973, the defendant was returning from a swimming party near Grand Junction, Colorado with two young women. While one of the women was driving, the defendant forced her to stop the car and ordered both women to disrobe. The defendant took the driver's seat and headed west on Interstate 70 towards the Utah border.

Some miles into Utah, the defendant stopped the vehicle and struck one of the women, apparently because she had refused to obey his order to disrobe. The defendant then forced the other woman (the victim) to engage in several acts of sexual intercourse.

The defendant then ordered the two women into the automobile and headed back to Colorado. A stop was made at a self-service gasoline station. The victim testified that the defendant threatened to kill the two women as well as the station attendant if the two women attempted to exit from the vehicle.

Upon arriving at the defendant's residence in Colorado, the defendant placed the woman he had previously struck in the living room and ordered the victim into the bedroom. The defendant then again forced the victim to engage in several acts of sexual intercourse. The next morning the defendant permitted the two women to leave his residence, and shortly after the women returned home, the police were summoned.

The victim gave the sheriff the name and address of her assailant. The deputy sheriff checked the Mesa County records and ascertained that the defendant had previously been convicted of rape and had also been twice charged with escape from confinement some years earlier.

The deputy sheriff immediately proceeded to the defendant's residence to arrest the defendant. The sheriff knocked on the door of the defendant's apartment and a voice inside invited him to enter. The sheriff did so and placed the defendant under arrest for rape and kidnapping. On his way out of the apartment, the sheriff observed and seized a pair of women's panties.

At the sheriff's office, the defendant was interrogated by a deputy sheriff and an FBI agent. The defendant was fully advised of his *Miranda* rights. Nevertheless, the defendant chose to make an inculpatory

statement which was reduced to writing by the FBI agent and signed by the defendant. Some time later, but not during the day on which the defendant was arrested, the defendant was taken before a court for a judicial advisement of rights.

## I.

The denial of the defendant's motion to suppress as evidence the panties and the defendant's statement is assigned as error. The motion was predicated on the theory that the panties and statement were the fruits of an unlawful arrest and that the statement was obtained in violation of Crim. P. 5.

Defendant maintains that his arrest was unlawful because he was arrested without a warrant. In *People v. Hoinville*, 191 Colo. 357, 553 P.2d 777, we held that section 163-3-102, C.R.S. 1973, requires that an arrest warrant be secured unless exigent circumstances necessitate immediate police action in arresting a person.

■ The trial judge in this case made a finding that exigent circumstances were present when the deputy sheriff made a warrantless arrest of the defendant. This finding is supported by the evidence.

The deputy sheriff effectuating the arrest knew that a violent, serious crime had just been committed and under the facts then known to him certainly had probable cause to believe that the defendant had committed the crime. The sheriff was also aware of the defendant's prior history of escape from confinement. We think these facts support the finding of exigent circumstances sufficient to justify a warrantless arrest. Knowledge of a prior history of escape would lead a reasonable person to conclude that time is of the essence in the apprehension of the subject; with each passing moment, the chances of apprehending the suspect decrease.

The trial judge found that the panties were seized while in plain view and since the arrest was lawful, the seizure was likewise valid as incident to the arrest.

Defendant also contends that the trial court should have granted his motion to suppress because he was not taken before a judge without unreasonable delay, in violation of Crim. P. 5.

■ Even if there was a violation of Crim. P. 5, the finding of such a violation does not automatically invalidate a confession. In the absence of a factual showing of prejudice, the failure to comply with Rule 5 does not require suppression of voluntary statements. *People v. Gilmer*, 182 Colo. 96, 511 P.2d 494 (1973).

■ The trial judge found that the statement was voluntarily made. This finding is well-supported by the record. In fact, the record shows that the defendant was several times fully advised of his *Miranda* rights. Therefore, any violation of Rule 5 constitutes harmless error and the trial court correctly refused to suppress the defendant's statement on this ground.

## II.

■ The defendant contends that he was denied the effective assistance of counsel by certain actions and statements of the trial court.

When the defendant first appeared before the trial court, he was represented by the public defender. Later, the public defender withdrew from the case when the defendant retained private counsel. When the district attorney filed habitual criminal charges against the defendant, a dispute arose between the defendant and his retained counsel as to the plea to be entered to the habitual criminal charge in the event of a conviction on the substantive charges. As a result of this dispute, the defendant attempted to discharge the attorney.

When the court became aware of these developments, it offered to reappoint the public defender, or if that were improper for some reason, other private counsel. The defendant responded that he was not indigent and did not require appointed counsel. He stated that he wished to hire private counsel but had not had the opportunity to do so prior to the hearing.

The trial court ruled that counsel could not withdraw until substituted counsel were obtained and in any event, the trial date of April 29 would have to be met by anyone who tried the case.

Defendant made no effort to employ new counsel and the defendant appeared on the trial date apparently prepared to represent himself.

We find it unnecessary to determine whether the twelve day period between the time the trial court was apprised of the counsel problem and the date set for trial would be insufficient for new counsel to prepare for the trial. Had the defendant secured new counsel, the newly retained lawyer could have approached the trial court for a continuance. Here, however, the defendant made no effort to retain counsel after being told of all his options by the trial court. We hold that the trial court properly construed the defendant's actions in this regard as a waiver of the right to counsel.

## III.

Evidence of events that occurred in Utah was admitted at the trial. The defendant contends that the admission of this evidence was error. We do not agree.

■ We have repeatedly held that evidence of uncharged offenses which is part of the criminal transaction for which the defendant stands trial is admissible to provide the factfinder with a full understanding of the events culminating with the crime charged. *People v. Geller*, 189 Colo. 338, 540 P.2d 334 (1975); *People v. Manier*, 184 Colo. 148, 511 P.2d 895 (1973); *Abshier v. People*, 87 Colo. 507, 289 P.2d 1081 (1930).

■ The events beginning with the defendant's commandeering of the automobile and ending with the release of the women the following day constituted a single criminal episode and evidence explaining the entire

episode was properly admitted at trial.

### IV.

Defendant now challenges the trial court's qualification of a prosecution witness as a medical expert. The defendant failed to interpose a timely objection to the trial court's action. Any error in this regard does not rise to the level of plain error and thus would not be recognized on appeal. Crim. P. 52(b).

### V.

The trial court's refusal to grant a continuance to enable the defendant to secure a medical witness to testify about the effect of alcohol on the human body is assigned as reversible error.

The grant or denial of a continuance, particularly during trial, lies in the sound discretion of the trial court. *People v. Martinez*, 190 Colo. 507, 549 P.2d 758 (1976). The defendant failed to make any showing that the evidence would be useful to the defendant nor was any satisfactory reason given for the delay in summoning the witness. Under these circumstances, the trial court did not abuse its discretion in denying the continuance.

### VI.

The constitutionality of the gross sexual imposition statute is placed in issue by the defendant's appeal. We have previously upheld the gross sexual imposition statute in the face of vagueness, overbreadth, and equal protection challenges. We adhere to those decisions and therefore reject the defendant's assignment of error on this point. *People v. Beaver*, 190 Colo. 554, 549 P.2d 1315 (1976); *People v. Gould*, 188 Colo. 113, 532 P.2d 953 (1975).

### VII.

Defendant challenges the sufficiency of the evidence to support the conviction on the gross sexual imposition charge. The evidence, viewed in the light most favorable to the prosecution, amply supports the jury's verdict and the judgment entered thereon.

### VIII.

Defendant asserts that the habitual criminal statute is offensive to several constitutional provisions. We answered these contentions adversely to the defendant's position in *People v. Thomas*, 189 Colo. 490, 542 P.2d 387 (1975). *See People v. Bergstrom*, 190 Colo. 105, 544 P.2d 396 (1975).

### IX.

Finally, the defendant claims that he was denied due process of law in his conviction on the habitual criminal charge. Although we agree that the procedures adopted in this case by the trial court were not entirely proper, we find the error to be harmless and thus reject this assignment of error.

At the arraignment on the habitual criminal charge, the trial court asked the defendant what plea he wished to enter. The defendant at this time admitted that he had previously been convicted as charged, but maintained, nevertheless, that he was not an habitual criminal. Faced with this anomolous situation, the trial court entered a plea of not guilty to the habitual criminal charge.

Under the habitual criminal statute, section 16-13-103, C.R.S. 1973, the defendant's admission obviates the necessity for proof. Section 16-13-103(3), C.R.S. 1973. Once the defendant admitted that he had suffered the prior convictions as charged, the trial judge was empowered to sentence the defendant as an habitual offender following conviction on the substantive charge. Section 16-13-103(3), C.R.S. 1973. Whatever happened after the defendant's admission of the prior felony convictions was superfluous.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.