450 So.2d 925 (1984)
Gary D. DiBARTOLOMEO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-575.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
*926 Richard L. Jorandby, Public Defender, and Barbara A. White, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Gary DiBartolomeo was convicted of burglary of a conveyance and sentenced to five years imprisonment. We reverse because the trial court compelled the defendant to proceed pro se at his trial without first making an adequate inquiry into his financial ability to retain private counsel. Apparently the trial judge felt that DiBartolomeo was not entitled to a court-appointed attorney in view of his failure to submit an affidavit of indigency with the public defender's office as previously instructed by the court at two prior appearances. A denial of court-appointed counsel may not rest on such a basis, however. The trial court had a duty to make a full inquiry into the defendant's financial circumstances, considering such factors as the accused's weekly income and number of dependents, the probable expense and burden of defending the case, and the amount of debts owed by the defendant, or debts that might be incurred because of illness or other misfortunes within his family. Enrique v. State, 408 So.2d 635 (Fla.3d DCA 1981), pet. for review denied, 418 So.2d 1280 (Fla. 1982); § 27.52(2)(c), Fla. Stat. (1983). The record in this case does not show that such an inquiry was made at any stage of the proceeding. Moreover, the trial court did not inquire on the record into DiBartolomeo's ability to make an intelligent decision to waive counsel, as required by Florida Rule of Criminal Procedure 3.111(d), nor did it advise him of the dangers and disadvantages of self-representation. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982); Drago v. State, 415 So.2d 874 (Fla. 2d DCA 1982). Therefore, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
This defendant was repeatedly instructed by the court to fill out the required affidavit. There is no suggestion he did not understand. In short, he played games with the trial judge and I would not have him win. It is obvious from the record he had no way of retaining private counsel.