**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Terrance AKERS, Defendant-Appellant.**

**No. 83CA1081.**

Colorado Court of Appeals,
Div. III.

July 11, 1985.

Rehearing Denied Aug. 29, 1985.

Certiorari Denied Jan. 13, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Terrance Akers, appeals the judgment of conviction entered and the sentence imposed upon the jury verdict finding him guilty of second-degree assault, a class four felony. He contends that the trial court erred when: (1) it admitted evidence that the victim missed seven days of work as a result of the assault; (2) it refused to allow defendant to present a provocation defense; and (3) it imposed the maximum sentence of eight years. We affirm.

I.

Immediately after delivering mail to defendant, a corrections officer at the Centennial Correctional Facility in Canon City was struck on the back of the head. Defendant and one other inmate were the only people in the immediate area at the time. The officer testified concerning his injuries. He also testified over defendant's objection that, pursuant to his doctor's instructions, he did not return to work for 7 days after the assault. Defendant argues that this absence from work testimony was irrelevant and, therefore, inadmissible under CRE 402. We find no error.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* CRE 401. The determination whether proffered evidence is relevant is within the sound discretion of the trial court. *People v. Lowe*, 660 P.2d 1261 (Colo.1983). In determining whether there was an abuse of discretion, we assume the maximum probative value that a reasonable fact finder might give to the evidence and the minimum unfair prejudice to be reasonably expected. *People v. Lowe, supra.*

Here, the prosecution was required to show that defendant knowingly and violently applied physical force to the officer. The officer's testimony that he missed 7 days of work as a result of his injuries is probative that defendant applied the requisite physical force to the officer. *See People v. Madson*, 638 P.2d 18 (Colo.1981). Hence, admission of that testimony was not an abuse of discretion.

## II.

Defendant next contends that he is entitled to a new trial because the trial court refused to allow him to present a provocation defense which, if successful, would have reduced the assault to a misdemeanor. We disagree.

The trial court ruled that defendant would have to present evidence that the officer, as the intended victim, provoked defendant into assaulting him. Defendant, however, offered to prove that his intended victim was the Department of Corrections and that he was provoked by a continuing course of conduct by the department. The trial court ruled that the evidence offered by defendant would not support the theory that he was provoked within the meaning of § 18–3–203(2)(a), C.R.S. (1984 Cum. Supp.). That statute provides:

"If assault in the second degree is committed under circumstances where the act causing the injury is performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, it is a Class I misdemeanor."

One of the elements of assault in the second degree is that the person committing the offense knows or reasonably should know that the victim is a person engaged in the performance of duties while employed by or under contract with a detention facility. Section 18–3–203(1)(f), C.R.S. (1984 Cum.Supp.). Thus, the General Assembly clearly intended that the victim be an individual, rather than a legal entity such as the Department of Corrections. We hold that the Department of Corrections cannot be the "intended victim," within the meaning of the assault statute, and thus, the trial court's refusal to allow defendant to present a provocation defense was not error.

Furthermore, defendant made no showing that he acted upon "a sudden heat of passion" or that the acts complained of were of a "serious and highly provoking"

nature. The assault occurred just after the officer had delivered two letters to defendant in his cellblock. The only act by the officer cited by defendant which could have provoked defendant was that the officer did not respond when defendant called after him.

## III.

Defendant also argues that the maximum eight year aggravated sentence imposed by the trial court was excessive. Again, we disagree.

Since defendant was incarcerated at the time of the offense, sentencing within the aggravated range was mandated by § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.). Moreover, defendant has a lengthy criminal history, including six convictions between 1977 and 1980 for grand larceny, burglary, larceny, aggravated robbery, and second degree murder. We find no abuse of discretion. *See Flower v. People,* 658 P.2d 266 (Colo.1983); *People v. Phillips,* 652 P.2d 575 (Colo.1982).

Judgment and sentence affirmed.

VAN CISE and TURSI, JJ., concur.