The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Douglas H. **MILLER**,
Defendant-Appellant.

No. 86CA0996.

Colorado Court of Appeals,
Div. I.

June 18, 1987.

Rehearing Denied July 30, 1987.

Certiorari Denied Nov. 30, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Douglas H. Miller, appeals the maximum sentence in the aggravated range imposed on him by the trial court. We affirm.

Defendant was initially charged with first degree assault and first degree burglary after he entered his ex-girlfriend's home and beat her severely. A count of second degree assault was later added, and pursuant to a plea agreement, defendant pled guilty to that charge.

In sentencing defendant, the court noted that the offense was committed while defendant was serving an 18–month sentence for a class 5 felony at a community corrections facility. It also considered his prior

criminal record and the violent nature of the offense as aggravating factors. Defendant was then sentenced to the maximum aggravated term of 16 years.

## I.

Defendant first argues that the trial court abused its discretion in sentencing him in the aggravated range.

Section 18–1–105(9)(a)(V), C.R.S. (1986 Repl.Vol. 8B) provides that if the defendant "was under confinement, in prison, or in any correctional institution within the state as a convicted felon ... at the time of the commission of a felony," then the court shall be required to sentence the defendant to a term greater than the maximum in the presumptive range. The sentencing court found that defendant's sentence to community corrections for a prior felony constituted being either "in a correctional institution" or "under confinement" as provided by § 18–1–105(9)(a)(V), and concluded that defendant must be sentenced within the aggravated range.

Defendant contends that since he had been transferred to a nonresidential status at community corrections, he was not "under confinement" in a correctional institution. We disagree.

A plain reading of § 18–1–105(9)(a)(V) reveals that the aggravating factors are expressed in the alternative, not in the conjunctive. Thus, if the offense was committed while the defendant was either "under confinement," *or* "in prison," *or* "in any correctional institution within the state," *see People v. Wells*, 691 P.2d 361 (Colo. App.1984), the sentence enhancement mandated by the statute applies.

■ Since it is operated by the Department of Corrections, the community corrections facility to which defendant was sentenced is a "correctional institution" within the meaning of § 18–1–105(9)(a)(V). *See* §§ 17–27–102(1) and 17–27–106(1), C.R.S. (1986 Repl.Vol. 8A); *see also* §§ 16–1–104(7.5) and 16–16–102(2), C.R.S. (1986 Repl.Vol. 8A); *cf. People v. Wells, supra* (privately-run treatment center not "correctional institution"). And, even though de-

fendant had been transferred to a nonresidential status, he was still "in a correctional institution" for the purposes of § 18–1–105(9)(a)(V). *See* § 16–16–103, C.R. S. (1986 Repl.Vol. 8A). Thus, defendant need not have been "under confinement" in community corrections for § 18–1–105(9)(a)(V) to be applicable.

■ Nevertheless, we also determine that for the purposes of § 18–1–105(9)(a)(V), defendant was "under confinement" in a correctional institution despite his nonresident status. *See* § 16–16–103(2)(b), C.R.S. (1986 Repl.Vol. 8A) (limits of confinement may be extended to include work-release program); *see also People v. Lucero*, 654 P.2d 835 (Colo.1982). Moreover, this result is consistent with the clear legislative policy set forth in § 18–1–105(9)(a)(II) through (VIII), C.R.S. (1986 Repl.Vol. 8B), which is to enhance the sentences of offenders who commit felonies while on parole, probation, bond, or under deferred judgment or sentence. Accordingly, the court did not err in sentencing defendant within the mandatory aggravated range. *See People v. Akers*, 712 P.2d 1058 (Colo.App.1985).

## II.

Defendant next contends that the court abused its discretion in imposing the maximum aggravated sentence. Again, we disagree.

■ The sentencing court has wide discretion in fashioning an appropriate sentence for a defendant, and its decision will not be overturned on appeal absent a clear abuse of that discretion. *People v. Hotopp*, 632 P.2d 600 (Colo.1981); *People v. McKenna*, 199 Colo. 452, 611 P.2d 574 (1980).

■ Defendant argues that his prior criminal record did not warrant imposition of the maximum aggravated term. However, a defendant's past criminal record is an appropriate consideration as an extraordinary aggravating factor under § 18–1–105(6), C.R.S. (1986 Repl.Vol. 8B). *See People v. Romero*, 694 P.2d 1256 (Colo.

1985); *People v. Gonzalez,* 44 Colo.App. 411, 613 P.2d 905 (1980).

■ Here, the presentence report shows that defendant had two prior felony convictions and numerous misdemeanor convictions, as well as a long history of traffic offenses. It also reveals that he was a poor candidate for rehabilitation. Therefore, we cannot say that the court abused its discretion in considering defendant's criminal history as an extraordinary aggravating factor in sentencing him to the maximum aggravated term. *See People v. Romero, supra; People v. Lopez,* 640 P.2d 275 (Colo.App.1982).

■ Citing *People v. Manley,* 707 P.2d 1021 (Colo.App.1985), defendant also argues that the violent nature of his offense was inappropriately considered as an extraordinary aggravating factor because serious bodily injury to the victim is an element of second degree assault under § 18–3–203(1), C.R.S. (1986 Repl.Vol. 8B). *But see* § 18–1–105(9)(f), C.R.S. (1986 Repl. Vol. 8B) (for offenses committed on or after July 1, 1986, sentencing court may consider serious bodily injury to victim as aggravating circumstance even though it constitutes element of offense).

However, the record shows that the court did not consider the victim's injuries; rather, it considered defendant's violent behavior in committing the offense. The depravity of the crime may properly be considered by the sentencing court as an extraordinary aggravating factor under § 18–1–105(6). *See People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980). Hence, we perceive no abuse of discretion in this regard.

Sentence affirmed.

PIERCE and VAN CISE, JJ., concur.