**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Fidel Helario ARGUELLO, a/k/a John Clifford, Defendant-Appellant.**

No. 84CA1452.

Colorado Court of Appeals, Div. II.

March 26, 1987.

Rehearings Denied April 30, 1987. Certiorari Pending June 29, 1987 (87SC212).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Lee D. Foreman, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Fidel Helario Arguello, appeals the judgment of conviction entered on a jury verdict of guilty of felony escape. Among other things, Arguello contends that the trial court erred in forcing him to trial without an attorney. He argues that this denied him his constitutional right to be represented by counsel. We reverse.

The facts here are undisputed. In 1981, Arguello allegedly escaped from the Pitkin County jail in Aspen, Colorado. In March 1984, Arguello was returned to Pitkin County from Nevada on a detainer to stand trial on the escape charges.

Upon his arrival in Colorado, Arguello requested and received court-appointed counsel. Within a short time, the first appointed lawyer withdrew from representing Arguello because of a conflict with the defendant. Shortly thereafter, the second court-appointed attorney also withdrew because of similar irreconcilable conflicts.

Despite serious disagreements with Arguello, the third lawyer (O'Reilly) continued the representation for approximately two months. For a portion of the two months, however, the trial court allowed Arguello to represent himself with O'Reilly being appointed either to advise Arguello or to serve as his co-counsel. On June 19, 1984, Arguello moved to withdraw from *pro se* status and requested that the trial court allow O'Reilly to represent him fully. The honeymoon was brief; in mid-July 1984, O'Reilly totally withdrew from representing Arguello with the trial court's permission.

At about the same time, Arguello made another motion to appoint counsel, stating as grounds that he was incompetent to represent himself and that he desired a new lawyer for the trial, scheduled for August 22, 1984. At trial, the court denied the motion, forcing Arguello to proceed through the trial *pro se*. The trial court based its denial on a finding that by his disruptive, uncooperative conduct, Arguello had impliedly waived his right to counsel.

Arguello contends that the trial court's refusal to substitute counsel deprived him of his right to be represented by an attorney as guaranteed by the United States and Colorado Constitutions. We agree.

■ Under the Sixth and Fourteenth Amendments and Colo. Const. art. II, § 16, an accused has the right to have the assistance of counsel for his defense in all criminal prosecutions, but he also has the right to refuse the assistance of counsel and proceed *pro se*. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A trial court has a protective duty to ascertain whether a defendant's waiver of counsel is knowingly and intelligently

made. *Faretta v. California, supra; People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980). In reaching this decision, the trial court must determine whether the waiver was explicit or is implied from the circumstances. *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *see People v. Litsey,* 192 Colo. 19, 555 P.2d 974 (1976).

■ In determining if there was a knowing and willing waiver, the trial court must consider such factors as the background, experience, and conduct of the defendant. *King v. People,* 728 P.2d 1264 (Colo.1986). A defendant may not manipulate his right to an attorney so as to impede the efficient administration of justice or to "whipsaw the court" between a constitutional right and the defendant's own ineffectiveness at trial. *People v. Lucero, supra.* In addition, the state must demonstrate by clear and convincing evidence, that an accused's waiver was knowing, intelligent, and voluntary, and the trial court must "indulge every reasonable presumption against [this] waiver of a fundamental right." *King v. People, supra; People v. Chavez,* 632 P.2d 574 (Colo.1981).

■ Because of the strong presumption against a waiver, the trial court must *"make careful inquiry"* to "ascertain whether the defendant *has been made aware of the dangers and disadvantages* of self-representation." *King v. People, supra* (emphasis added). *See, e.g., DiBartolomeo v. State of Florida,* 450 So.2d 925 (Fla.App.4th Dist.1984) (court could not compel defendant to stand trial unrepresented without conducting inquiry into ability and desire intelligently to waive counsel). If an implied waiver is at issue, the record must clearly and convincingly demonstrate that the defendant's conduct evinced a knowing, willing, and "unequivocal intent to relinquish or abandon his right to legal representation." *King v. People, supra.*

■ There is ample evidence in the record that Arguello could not get along with his court-appointed attorneys. Nevertheless, despite Arguello's antagonistic and obstreperous conduct, O'Reilly did represent him either fully or in an advisory capacity until about a month before trial. Arguello consistently *asked* for counsel; hence, he did not expressly waive his right to representation.

The trial court granted O'Reilly's motion to withdraw and denied Arguello's motion for substitute counsel, but nothing in the record discloses that the court made any inquiry into the defendant's understanding that his *conduct* could constitute an *implied* waiver of his right to an attorney. Likewise, the record does not indicate whether the trial court offered Arguello the option of going forward with O'Reilly or accepting the consequences of no representation at all. The record is also silent on whether the trial court considered other alternatives. *See, e.g., People v. Moody,* 630 P.2d 74 (Colo.1981) (court had option of denying *pro se* status to the defendant and forcing him to appear in the court bound and gagged with his attorney or excluding him from the courtroom during the trial). On the contrary, the court merely *told* Arguello, after the fact, that he had, by his conduct, elected to proceed without counsel.

Although the trial court displayed admirable composure in dealing with Arguello's deplorable conduct, the record does not demonstrate that the prosecution met its burden of showing, by clear and convincing evidence, an implied waiver of counsel.

We have considered the other arguments and conclude that they are without merit.

The judgment is reversed and the cause is remanded for a new trial with directions for the trial court to appoint counsel and to conduct a careful inquiry, on the record, to determine whether Arguello fully understands both the consequences of self-representation and that his conduct may constitute an implied waiver of counsel. Further, in this connection, Arguello should be informed that the court may consider other options besides self-representation, including forcible restraint or exclusion from the courtroom during trial with court-appointed counsel.

SMITH, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I agree with the exposition of law on the subject of waiver of counsel contained in the majority opinion. There is a constitutional right to counsel, but there is also a right to waive counsel. However, any such waiver must be determined to be voluntary by the trial court and it may not be presumed. Indeed, the court must indulge every *reasonable* presumption against finding a waiver. To test the validity of a waiver, the trial court must consider the background, experience, and conduct of the defendant. *King v. People,* 728 P.2d 1264 (Colo.1986).

I differ from the majority in applying these rules of law to the facts in this case, and in contrast to their conclusion, I would hold that considering defendant's *background,* the trial court correctly interpreted the defendant's *conduct* as having constituted a waiver of his right to counsel. Thus, I find this case distinguishable on its facts from *King v. People, supra.*

Defendant's conduct caused two attorneys to withdraw before appointment of the third lawyer. Then defendant was given the choice of either representing himself or having that attorney serve as an advisor, or as co-counsel. When this arrangement was unsatisfactory to defendant, the court finally granted the third attorney's motion to withdraw and declined to delay the trial by appointing yet a fourth lawyer. In my view, the trial court properly concluded that, under these circumstances, defendant voluntarily waived his right to counsel when he chose to proceed.

Under the majority's holding, our courts are placed at the beck and call of unreasonable, dilatory, obstreperous defendants who choose to play games at the expense of the judicial system. The trial court's handling of this intransigent defendant was proper and that court's ruling should be upheld. *See People v. Litsey,* 192 Colo. 19, 555 P.2d 974 (1976).