**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ADAM DMYTRYSZYN,

      Plaintiff-Appellant,

v.

BOB HICKOX; ARISTEDES W.
ZAVARAS; ROY ROMER, Governor,

      Defendants-Appellees.

No. 98-1052
(D.C. No. 97-D-2225)
(D. Colo.)

ORDER AND JUDGMENT  *

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous. See 28 U.S.C. § 1915(e)(2)(B) (Supp. 1998). We affirm, but for reasons other than those relied upon by the district court. See, e.g., United States v. Myers, 106 F.3d 936, 941 (10th Cir. 1997) (appellate court is free to affirm for any reason supported by record).

The Prisoner Litigation Reform Act (PLRA) provides that "a prisoner confined in any jail, prison, or other correctional facility" may not bring an "action . . . with respect to prison conditions under section 1983 . . ." if he has not first exhausted his administrative remedies. 42 U.S.C. § 1997e(a) (Supp. 1998); see Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997). This exhaustion requirement applies to plaintiff's claim challenging the amount of compensation he received for work performed outside the prison. Cf. 18 U.S.C. § 3626(g) (Supp. 1998) (defining, in another section of PLRA, "'civil action with respect to prison conditions'" to mean "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison"). See generally People v. Miller, 747 P.2d 12, 14 (Colo. Ct. App. 1987) (under Colorado law, inmate remains "under confinement" despite non-resident status in community corrections facility and including work release).

In his complaint, plaintiff acknowledged that he had not exhausted his administrative remedies, making only conclusory allegations that pursuit of such remedies might be futile. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.) (prisoner must allege and show he has exhausted all available administrative remedies), cert. denied, 119 S. Ct. 88 (1998). Those allegations are insufficient to excuse plaintiff's failure to exhaust. See, e.g., Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998).

We therefore, AFFIRM the district court's dismissal of plaintiff's § 1983 cause of action, but we REMAND to the district court to dismiss specifically without prejudice. See Brown, 139 F.3d at 1104.

The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-3-