## No. 11,227.

## MAY *v.* THE PEOPLE.

Decided June 1, 1925.

Plaintiff in error was convicted of a violation of the prohibition act.

## *Affirmed.*

## *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Evidence—Admission.* Error cannot be predicated on the admission of evidence, where no exceptions were saved to the ruling of the trial court thereon.

2. CRIMINAL LAW—*Evidence—Admission.* Erroneous admission of evidence is not reversible error where there is clear and convincing evidence of defendant's guilt aside from that which might have been erroneously admitted.

3. NEW TRIAL—*Motion.* Under the provisions of Supreme Court rule 8, it is within the discretion of the trial court to grant or refuse leave to file a motion for a new trial.

4. CRIMINAL LAW—*Intoxicating Liquor—Evidence.* In a prosecution for a violation of the prohibition act, it is competent for the jury to smell liquor alleged to be intoxicating.

5. *Intoxicating Liquor—Evidence.* Whether a bottle alleged to contain intoxicating liquor may be passed to the jury during argument, is within the discretion of the trial court.

6. *Witnesses—Misconduct.* Reprehensible conduct on the part of witnesses in a criminal trial is not reversible error, where such conduct did not prejudice the rights of defendant.

7. *Excessive Sentence—Modification on Review.* A sentence being authorized by law, the reviewing court is without authority to modify it on the ground that it is excessive.

8. *Intoxicating Liquor—Technical Errors.* One who violates the provisions of the prohibition act cannot rely, for a reversal of a judgment against him, on technical errors occurring at the

trial, nor complain that any sentence authorized by law, is excessive.

*Error to the County Court of the City and County of Denver, Hon. George A. Garard, Judge.*

Mr. CHARLES R. CONLEE, Mr. ALBERT E. SHERLOCK, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

PLAINTIFF in error was convicted before a justice of the peace of having in his possession and selling intoxicating liquors and was fined $100. An appeal was taken to the county court where he was again convicted and fined $300, and sentenced to jail for a term of six months. He brings the case here for review and moves for a supersedeas.

Defendant's grounds, which he urges for reversal, may be summarized as follows: (1) That the court erred in the admission of evidence; (2) that the court erred in not allowing defendant to file a motion for new trial; (3) that the court erred in allowing a bottle, alleged to contain intoxicating liquors, to be passed to the jury, and (4) that the sentence of the court was excessive and contrary to the evidence and the law.

We have carefully read the record and are unable to find that the court erred in the admission of evidence. In some instances no exceptions were saved, and in others the admission of the evidence was proper as against the objections made, and in still other instances the admission of the evidence, if erroneous, was not prejudicial to the defendant.

There was clear and convincing evidence of defendant's guilt aside from any evidence that might have been erroneously admitted.

It was within the discretion of the trial court to grant or refuse leave to file a motion for new trial. Rule 8 of this court. In the ruling of the court on this question there appears no abuse of discretion, and no error.

Error is also predicated upon the ruling of the court permitting the bottle, alleged to contain intoxicating liquors, to be passed to the jury. What was done with it by the jury the record does not disclose. It does not appear that harm or prejudice resulted to defendant for there was other evidence, ample and complete, that the bottle contained moonshine whiskey and that defendant sold it for whiskey. We have held that it was competent to permit the jury to examine and smell the liquor alleged to be intoxicating. *Enyart v. People,* 70 Colo. 362, 201 Pac. 564. Passing the bottle to the jury during the argument may have been irregular, but it was within the discretion of the trial court.

The defendant complains that he did not have a fair trial because of the conduct of people's witnesses while on the stand, and the manner in which they were permitted to answer the questions propounded to them by defendant's counsel. It is, unfortunately, true that the conduct of these witnesses was very reprehensible and should not have been allowed. It would have been more in consonance with the due and orderly administration of justice if the trial judge had reprimanded or punished these witnesses for their insolent behavior and taken the proper steps to prevent a repetition of it. Such conduct should not be permitted by the trial judge. However, it does not appear that the defendant was in any wise prejudiced by the actions of these witnesses. What occurred does not indicate any bias or prejudice against defendant on the part of the trial judge.

Complaint is made that the sentence of the court is excessive and it is urged that we should modify it. Defendant cites authorities from other jurisdictions holding that we have such right, but this court has held otherwise. *Briola v. People,* 76 Colo. 489, 232 Pac. 924.

Furthermore, even if it were an open question in this state, we would not be disposed to interfere with the judgment of the trial court in this respect. The competent evidence in the instant case so clearly establishes the guilt of the defendant as to leave no room for doubt. The sale was made to Mary Campbell. She testified that she purchased the bottle from defendant and that it contained moonshine whiskey. Her evidence was corroborated by the testimony of other witnesses and by the surrounding circumstances.

Where, as here, the evidence so conclusively proves the defendant's guilt of unlawfully having, and selling, intoxicating liquors, any sentence which the law authorizes is not excessive nor too severe. Where one knowingly and willfully violates the law, and his guilt is clearly proven, he cannot successfully rely for a reversal on technical errors occurring during the trial, nor can he justly complain that his sentence was greater than he expected. Where one traffics in the keeping for sale, and selling, deadly and poisonous moonshine whiskey, he must be prepared to accept the consequences of his willful disobedience of the law.

The record not disclosing any prejudicial error the supersedeas should be denied, and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.