No. 24808.

THE PEOPLE OF THE STATE OF COLORADO *v.*
CALVIN RENFROW.
(473 P.2d 957)

Decided August 24, 1970.

CARL PARLAPIANO, District Attorney, for plaintiff-appellee.

ROLLIE R. ROGERS, Colorado State Public Defender, R. D. JORGENSEN, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

RENFROW, the defendant, was charged with burglary and theft. He filed two pretrial motions to suppress. One was to suppress evidence seized as the result of an allegedly illegal search and seizure, and the second was to suppress in-court identification of the defendant tainted by an allegedly suggestive pretrial identification. The trial judge denied the motion for suppression of evidence and delayed his ruling on the motion to suppress identification.

The defendant argues (1) that a motion to suppress a lineup identification is an appropriate pretrial motion and must be decided before the trial to protect the rights of the defendant; (2) the lineup was unduly suggestive; and (3) the judge erred in finding that the police entered the premises occupied by the defendant at the latter's express invitation, and that no unconstitutional search of the premises was conducted. We do not agree with these contentions of error, and we affirm the ruling of the court.

## I.

The trial judge heard testimony on the defendant's pretrial motion to suppress the lineup identification, but did not decide the motion on its merits. Instead the judge dismissed the motion for the reason that ". . . there is no statutory or rule provision that a Motion to Suppress a lineup identification be entertained by the Court prior to trial."

The trial judge was in error to the extent he may have thought that the suppression of a lineup identification cannot be pursued by pretrial motion. A motion to suppress a lineup identification is a motion within the scope of Crim. P. 12(b)(1) which provides that any defense or objection which is capable of determination without the trial of the general issue may be raised by motion.

While the judge may have been wrong in his reason for deferring judgment on the motion, his order delaying determination until trial was within his power under Crim. P. 12(b)(4). In areas other than search and seizure and confessions, the trial judge has the authority to defer determination of a pretrial motion until trial.

C.A.R. 4.1(a) provides that an interlocutory appeal may be taken from an *adverse ruling* by a trial court in a pretrial motion to suppress evidence. This rule is designed as a procedural device to facilitate review and does not represent a constitutional right on the part of either the defendant or the People. The right to bring an interlocutory appeal on a question of suppression of evidence other than those coming under Crim. P. 41 must necessarily depend on the election of the trial judge to rule on the motion rather than to defer it until trial.

In this case, not only was the deferral of determination of the motion in accordance with our rules of criminal procedure, but it reflects the emphasis this court has placed on in-court identification of the defendant *at trial* as the touchstone of due process. It is the substantial chance that a suggestive identification pro-

cedure has resulted in a misidentification of the defendant at trial that raises the due process question, and a complete judicial determination can only be made at that time. See *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804. The defendant is not precluded from raising his timely objection at trial to the admission of evidence relating to his identification which may be tainted by a lineup and from a ruling by the judge on the question.

■■ This court has not gone so far as to hold that motions to suppress evidence must, in every case, be determined by a *pretrial* hearing. While this court has indicated that the better practice, at least with questions involving the admissibility of confessions and admissions, is to conduct a hearing before the jury becomes aware that the evidence exists, we have never made a pretrial hearing a constitutional requirement. Crim. P. 41; *Velarde v. People,* 171 Colo. 261, 466 P.2d 919. Whether or not a reference to the evidence before the jury might result in a denial of the defendant's constitutional rights is a matter which we will consider on a case by case basis as it arises. We find no reason to reverse the judge's determination to defer his decision until trial.

II.

The defendant next contends that certain evidence was seized from the house in which he was staying as the result of an illegal search and seizure by the police. In particular, he argues that there is no evidence in the record from which the judge could have concluded that the consent was anything more than an acquiescence to police authority. We do not agree.

After a hearing on the defendant's motion to suppress, the judge made a clear finding of fact that the defendant had invited the police officers into the house in which he was staying, that there was no search of the premises by the officers, and that no constitutional rights of the defendant had been violated. The motion to suppress was denied.

■ It is the well established rule of this court that

an attack on the sufficiency of the evidence will not result in reversal where there is competent evidence in the record to support the findings of fact made by the judge. While the testimony here is conflicting, evidence in the record on the part of the People discloses that police officers Stasco and Ercul were inspecting a vehicle believed to have been involved in a recent burglary of Bergerman's Men's Store when the defendant approached them. When asked about the ownership of the vehicle, the defendant said that it belonged to one "Morgan," but that he had the car keys in the house near which the car was parked. He invited the police officers into the house to get the keys.

The lights in the house were turned off as the officers entered. Using flashlights, they proceeded directly into the kitchen. From the kitchen, one of the officers shined his flashlight into the bedroom area and observed a dark blue sleeve sticking out from under the bed nearest to the kitchen and a white tag on the sleeve with "Bergerman's" written on it. At this point, a jacket was retrieved from under the bed, and the occupants of the house were placed under arrest. Ten or twelve different types of sport jackets or blazers of various colors bearing tags with "Bergerman's" written on them were subsequently discovered under the bed by the officers. Wooden coat hangers recovered from under the bed were marked "Bergerman's Men's Store."

This evidence placed in the record on the part of the People is sufficient to support the finding by the judge that the police officers had been invited into the house. In *Phillips v. People*, 170 Colo. 520, 462 P.2d 594, we held that a voluntary consent to a search is one which is freely and voluntarily given, and that whether or not the consent was voluntary is to be determined from the totality of the circumstances in each case.

Here, the police officers were inspecting a car parked outside the house where the defendant was staying. The officers made no request to search the house. The

defendant approached the officers and gave certain information concerning the car. He then volunteered the information that he had the keys to the car in the house and invited them to accompany him into the house to obtain the keys. These circumstances, testified to by the police officers, are sufficient to support the finding that the consent to enter the house was given voluntarily.

Once legitimately on the premises, the police officers were not required to close their eyes to incriminating evidence plainly visible to them. *People v. Baird,* 172 Colo. 112, 470 P.2d 20; *Alire v. People,* 157 Colo. 103, 402 P.2d 610. Officer Stasco testified that they were using their flashlights because the house was dark. The sleeve and the bag marked "Bergerman's" were immediately visible to the officers upon entering the kitchen. Under these circumstances, the officers had probable cause to arrest the occupants of the house, which they promptly did. Only after the arrest was a search conducted, and this search merely consisted of pulling clothes from beneath the bed where they had been observed.

The only search conducted was one incident to a lawful arrest and therefore constitutionally permissible. The motion to suppress was properly denied.

The ruling of the trial court is affirmed.

Mr. Justice Day and Mr. Justice Lee not participating.