No. 24845.

THE PEOPLE OF THE STATE OF COLORADO *v.* DAVID NEFZGER.
(476 P.2d 995)

Decided November 23, 1970.

JAMES D. McKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, THOMAS P. CASEY, Deputy, for plaintiff-appellee.

Truman E. Coles, Assistant State Public Defender, Earl S. Wylder, Deputy, for defendant-appellant.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

This is an Interlocutory Appeal from an order of the Denver District Court overruling a motion to suppress evidence filed on behalf of Defendant David Nefzger.

The defendant contends (1) that the search was the result of an illegal arrest, and (2) that the police officers did not have probable cause to detain and frisk for weapons. In our view, the police officer's action at the critical times involved here, which resulted in the seizure complained of, were reasonable, and we therefore affirm.

The record shows that the police had obtained a search warrant to search some premises for drugs. During the course of the search, defendant came to the premises and entered. He had his hands in the pockets of his jacket. Detective Laurita, one of the officers executing the search, testified that he was convinced that Nefzger might be carrying a weapon in his jacket and asked him to remove his hands from his pockets. Laurita then advised Nefzger that he was going to "frisk" him for weapons. As Laurita approached him, Nefzger put one hand back in his pocket, whereupon the police officer, fearing he was trying to get a weapon, jerked Nefzger's hand out of the pocket. As he did so, a plastic bag containing marijuana protruded from the pocket. Laurita seized the bag and placed Nefzger under arrest. It is this plastic bag of marijuana which Nefzger seeks to suppress.

It is certainly reasonable for a police officer conducting a legal search of premises which he believes to be involved in the sale of narcotics to frisk occupants and those coming to the house for weapons in order to protect himself against the use of such weapons. *Terry*

*v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Nor was there an unreasonable invasion of the defendant's rights when the police officer jerked Nefzger's hand out of his pocket in order to protect himself against a feared use of a weapon when Nefzger suddenly thrust his hand in his pocket just as the frisk was about to begin. The bag of marijuana came in plain view as a result of the legal activity of the policeman; it was therefore admissible in evidence. *People v. Renfrow,* 172 Colo. 399, 473 P.2d 957; *Marquez v. People,* 168 Colo. 219, 450 P.2d 349; *Alire v. People,* 157 Colo. 103, 402 P.2d 610.

The ruling is affirmed.

MR. JUSTICE KELLEY not participating.