## No. 24396

## James Henry White v. The People of the State of Colorado
(494 P.2d 585)

Decided March 6, 1972.

Moyers & Dunlap, Robert Dunlap, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, Robert L. Hoecker, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

James Henry White was convicted by a jury of forcible rape. C.R.S. 1963, 40-2-25. The defendant is here by writ of error, following denial of his motion for new trial. Counsel here did not represent the defendant in the trial court.

The issue before the jury was whether or not the intercourse was forcible or consensual.

The material facts are brief. The entire episode, which consumed about one hour near midnight, commenced in a laundromat in Colorado Springs. The victim and a neighbor woman were in the process of completing their mission when the defendant, who was 6'6" tall, walked in, put his arm around the victim's neck and escorted her to his car. The victim's companion ran to a nearby motel to call the police.

After a brief struggle in the car, during which the defendant struck the victim in the mouth a time or two, he drove to a remote area near the Broadmoor Zoo where the rape occurred. In the course of the rape the defendant forced the victim to commit another act, which is likewise a felony.

The sole ground for reversal is that the trial court failed to give the jury an instruction in reference to the limited purpose for which the evidence of the forcible abduction and the other sexual act were admissible. It is the defendant's contention that this was evidence of other crimes. He contends that it "would indicate a violation of Section 40-2-44, C.R.S. 1963, the section which makes kidnapping a felony," and the "act of sodomy, which would constitute a felony under Section 40-2-31, C.R.S. 1963."

The defendant relies on *Stull v. People,* 140 Colo. 278, 344 P.2d 455. In *Stull* this court said that a presumption of guilt should not be generated against an accused by showing that he committed another crime indicative that he is a depraved person who likely would commit the crime for which he is being tried.

To the attorney general's response that the defendant made no contemporaneous objection to the introduction of the testimony, nor a request for a limiting instruction, either at the time or when the case went to the jury, the defendant asserts that it is fundamental error "of such a prejudicial nature that the trial court was obliged on its own motion to give such an instruction."

As indicated at the outset of this opinion, the defendant did not contest any of the facts in the victim's evidence except as to her statement that she was compelled by force, threats of force, and fear resulting therefrom to submit to the sexual acts involved. In short, it was the theory of his defense that the victim accompanied him voluntarily and participated willingly in the sexual acts. Defendant even admits striking the victim in the face, but ascribes it to a racial slur. All of the acts which the defendant says were evidence of other crimes were a part of the *res gestae.* The disclosure of the facts surrounding the commission of the offense were proper in order to place the consummation of the crime charged in proper perspective. The force used to take the victim from the laundromat to the defendant's car, as well as the cuffing around and force exerted during the trip to the scene of the crime were part of the conduct of the defendant which put the victim in fear of her life and caused her to participate in the acts against her will.

■■ The law of this state for a long time has recognized an exception to the rule that evidence of other crimes is inadmissible. In 1908, in *Jaynes v. People,* 44 Colo. 535, 99 P. 325, this court stated:

"The general rule is that evidence is not admissible which shows or tends to show that the accused has committed a crime wholly *independent* of the offense for which he is on trial. It is not proper to raise a presumption of guilt on the ground that, having committed one crime, the depravity it exhibits makes it likely he would commit another. The reason for the rule is that no person shall be convicted of an offense by proving that he is guilty of another. . . . To this rule, however, there are exceptions, as where the evidence of

another offense tends to prove some element of the one for which the accused is being tried, . . ." (Emphasis added.)

■ Here the "kidnapping," the assaults, and the other sexual act tended to prove the *force* element of rape. These "other crimes" were not *wholly independent* of the offense charged and, therefore, were properly admitted.

In *Coates v. People,* 106 Colo. 483, 106 P.2d 354, a 1940 decision, this court reiterated the rule. In *Coates* the evidence showed that three hours before the killing with which the defendant was charged he had assaulted his girl friend, a prostitute from whose services he benefited financially. Evidence of the assault tended to show that it was the defendant's fear of losing her services that motivated the killing and that his assault of the girl friend was another manifestation of this fear and part of his strategy to retain the services. The court in *Coates* said that the evidence of the alleged assaults was admissible as part of the *res gestae.*

The judgment is affirmed.

MR. JUSTICE LEE not participating.