## No. 24086

## Charles Riley Dickerson v.
## The People of the State of Colorado
(499 P.2d 1196)

Decided July 17, 1972. Rehearing denied August 28, 1972.

Kettelkamp & Vento, Donald G. Drummond, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Dorothy E. Binder, Special Assistant, Jack E. Hanthorn, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Charles Riley Dickerson, the plaintiff below and hereinafter referred to as appellant or by name, appeals from his conviction for possession of marijuana, in violation of C.R.S. 1963, 48-5-2.

Appellant, who was in the United States Army at the time of his apprehension on the above-mentioned charge, was observed by the police, military and customs officials to be associating with known narcotics users and peddlers in El Paso, Texas. On November 27, 1968, information from a reliable source in El Paso was forwarded by a customs official in El Paso to Pueblo Police Officer John Koncilja that appellant would arrive in Pueblo with a shipment of marijuana. On the morning of November 27, 1968, appellant and a friend departed El Paso in her car — a 1967 MGB — for Pueblo, ostensibly to visit his parents. That evening shortly after Dickerson arrived at his parents' home, Officer Koncilja and one Officer Crossno drove there and took note of the presence of appellant's friend's car which had been described in the information as a car which possibly would be used to transport the marijuana.

The officers identified themselves and asked appellant to come outside the house. They mentioned the information from El Paso and asked if they could search the car, notifying appellant that he had a right to refuse. Appellant produced the keys to the car and unlocked the trunk. A paper sack containing vegetable matter, believed by the officers to be marijuana, and concommitant paraphernalia, were removed from the trunk and appellant and his friend were arrested. The People's witness stated that when taken in custody,

appellant admitted the marijuana was his.

Prior to trial, motions to suppress, *inter alia,* were filed by both parties. The trial court granted the Motion to Suppress as to the friend and denied the same and all other motions as to appellant. Trial was to a jury on February 7 and 8, 1969, at the conclusion of which a guilty verdict was returned against appellant for possession of marijuana.

Appellant here contends that four errors compel reversal of his conviction: (1) The marijuana in question was obtained through an illegal search and seizure and should not have been admitted; (2) the trial court erred in allowing testimony as to appellant's admissions that he smoked two marijuana cigarettes on the trip from El Paso to Pueblo, as those acts testified to were separate and distinct from the offense charged, but if admissible, then a limiting instruction should have been given regarding such evidence; (3) the trial court erred in requiring appellant to submit to cross-examination in the pretrial suppression hearing; and (4) the trial court committed error in not allowing appellant to examine written statements of prosecution witnesses upon appellant's Rule 16(b) Motion. We do not view appellant's arguments as meritorious and affirm the judgment of the district court.

I.

Appellant's first argument relates to the admission over objections of the marijuana seized in the search of the car in which appellant rode to Colorado from Texas. Specifically, appellant contends the automobile search was illegal and the contraband unlawfully seized, and as such, that those items should not have been admitted against the appellant. Our inquiry into the circumstances of this case directs us to the conclusion that appellant cannot prevail on this point.

The prohibitions of the Fourth Amendment are intended to protect only against unreasonable searches and seizures and not every search without a warrant is unreasonable or illegal. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. *See Larkin v. People,* 177 Colo. 156, 493 P.2d 1. It is clear that one may waive Fourth Amendment protections by giving voluntary consent to a

search. The voluntariness of the consent given must be determined from an examination of the facts and circumstances surrounding that consent. *People v. Reyes,* 174 Colo. 377, 483 P.2d 1342; *People v. Renfrow,* 172 Colo. 399; 473 P.2d 957; *Phillips v. People,* 170 Colo. 520, 462 P.2d 594; *Capps v. People,* 162 Colo. 323, 426 P.2d 189.

■ The record in the present case reveals that there is evidence to show that the appellant was informed of his right not to allow the officers to search the vehicle in question here without their first obtaining a warrant. He not only consented to the search but unlocked the trunk himself with a key which he produced from his pocket. He was under no duress or coercion, and the trial court found that he knowingly and intelligently waived his Fourth Amendment rights by consenting to the search. *People v. Reyes, supra; People v. Williams,* 173 Colo. 499, 480 P.2d 563. There is evidence in the record which supports that finding.

Under the circumstances here, appellant relinquished his claim to privacy in the contraband and therefore, he was not the victim of an illegal search and seizure. This being so, the evidence seized was admissible against him. *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

## II.

■ Appellant next contends that he was unfairly prejudiced by testimony that he stated that he smoked two marijuana cigarettes during his trip to Colorado. His argument is that the damaging testimony was as to criminal acts separate and distinct from the crime for which he was on trial, and that it was highly prejudicial, especially in the light of the fact that no limiting instruction was given.

Evidence that appellant smoked two marijuana cigarettes was elicited by the People to show knowledge on the part of appellant with regard to the possession of marijuana. It was not adduced to show another crime, nor to show that appellant was evil and capable of committing crimes. The record reveals that the activity confessed to by appellant was

a part and parcel of the entire criminal transaction entered into by appellant. It was not wholly independent of the offense charged. *White v. People,* 177 Colo. 386, 494 P.2d 585. Therefore, the limiting instruction announced in *Stull v. People,* 140 Colo. 278, 344 P.2d 455, was not necessary after the testimony here in question was offered, and that testimony was properly admitted.

### III.

■ Appellant's third assertion is that he was unconstitutionally compelled to testify against himself on cross-examination at the pretrial suppression hearing. He further asserts that the scope of questioning went beyond the scope of direct examination and was irrelevant and immaterial with respect to the Motion to Suppress.

To support his contention, appellant cites *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. His reliance on *Simmons,* however, is inappropriate. The question there was the propriety of admitting into evidence, at the trial of the case, statements which the defendant had made at a pretrial suppression hearing. In the instant case, no evidence elicited at the suppression hearing was offered either on direct or cross-examination by the prosecution, nor does the record support the statement by the appellant that later testimony by the police officers was based upon evidence adduced upon cross-examination at the pretrial suppression hearing. The error in permitting the cross-examination complained of, if it was indeed error, was harmless.

### IV.

Appellant finally argues that the trial court erred when it refused to allow appellant to examine written statements of two witnesses called by the People at the suppression hearing. He contends that pursuant to Colo. R. Crim. P. 16(b), in force at the time of trial, and predecessor of Crim. P. 16(b), the district attorney should have been ordered to produce those statements. We do not agree.

■ With regard to one witness there was unrefuted evidence that no written statements existed. As to the second witness any written statements produced by him were kept in

the files of the Criminal Investigation Department at Fort Bliss, Texas. Being outside the possession and control of the district attorney, such statements could not have been produced pursuant to Rule 16(b).

 It should be noted that, while the trial judge mistakenly interpreted Rule 16(b) as applying only during the trial and not during a suppression hearing, the ruling was correct for other reasons which the judge also stated. Therefore, appellant cannot claim that he was prejudiced by the ruling and his objections must fall.

V.

Appellant's contentions that the court's failure to admit two defense exhibits constituted error are not meritorious and need not be considered here.

The judgment is affirmed.

MR. JUSTICE ERICKSON dissenting. MR. JUSTICE HODGES not participating.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent as to Part II of the majority opinion. A statement was taken from the defendant in which he admitted possession of the marijuana and also said that he had smoked two marijuana cigarettes while he was on his way to Colorado. Use of marijuana tended to show the defendant's involvement in the drug scene and his evil proclivities. In *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972), this Court reaffirmed *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). The principle we announced in *Stull v. People, supra,* is that the defendant is entitled to be tried for the crime charged. It is fundamental that a defendant should not have his guilt or innocence hinge upon his commission of criminal acts which are not the subject of the charge.

In my opinion, the facts in this case do not fit the limited pattern set by this Court in *White v. People,* 177 Colo. 386, 494 P.2d 585 (1972). The facts in the *White* case compelled us to reach the result which we did because the sexual acts which were committed were tied together in such a way that they could not have been separated, and both occurred at the

same time and at the same place.

In my opinion, the statements relating to the use of marijuana should have been excised from the confession or should have been subject to the limiting instruction outlined in *Stull v. People, supra. See Wooley v. People,* 148 Colo. 392, 367 P.2d 903 (1961); *Williams v. People,* 114 Colo. 207, 158 P.2d 447 (1945).