The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daniel J. MARTIN, Defendant–Appellant.

No. 86CA1364.

Colorado Court of Appeals, Div. I.

Oct. 26, 1989.

Rehearing Denied Nov. 30, 1989.

Certiorari Denied June 11, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Daniel J. Martin, appeals from the judgment of conviction entered on jury verdicts finding him guilty of first degree sexual assault, second degree burglary, aggravated robbery, a crime of violence, and of being a habitual offender. We affirm the judgment of conviction for sexual assault, burglary, robbery, and crime of violence but reverse the judgment of conviction on the habitual offender charge.

## I.

The defendant contends that the trial court erred in ordering him to display the scar on his abdomen to the jury. He argues that, inasmuch as there were photographs showing the scar, under CRE 403, the prejudicial effect of its display outweighed its probative value. We disagree.

The scar had substantial probative value in identifying the defendant, and was crucial to the prosecution's case because the victim did not see the defendant's face during the assault. Admission of other evidence showing the scar did not preclude

display of the scar itself. *See People v. Viduya*, 703 P.2d 1281 (Colo.1985). Any risk that the display of the scar might inflame the jury was outweighed by its probative value. We conclude that the trial court did not abuse its discretion in ordering the display.

■ The defendant also argues that the display of the scar was an unnecessarily suggestive one-on-one showup that denied him due process. We disagree.

An identification procedure denies due process only if it is so impermissibly suggestive that it creates a substantial likelihood of misidentification. *People v. Guffie*, 749 P.2d 976 (Colo.App.1987). We conclude that the display of the scar to the victim was not likely to lead her to misidentify defendant as her attacker. She had ample opportunity to see the scar during the crime, and her attention was concentrated on it. She gave accurate descriptions of the scar immediately after the crime and was certain in her identification. *See People v. Walker*, 666 P.2d 113 (Colo. 1983). The display of the scar did not deny the defendant due process.

## II.

■ The defendant contends that the trial court abused its discretion in failing to compel the attendance of one of the investigating police officers, despite his failure to serve the officer with a subpoena. We disagree.

The trial court was not obliged to compel the presence of a witness who was not properly served. *See People v. Mann*, 646 P.2d 352 (Colo.1982). Moreover, the record does not indicate that the defendant was prejudiced by the absence of the witness. The defendant did not request a continuance to locate the officer, *see People v. Bailey*, 191 Colo. 366, 552 P.2d 1014 (1976), and made no offer of proof to show what the officer's testimony would have been. *See People v. Cushon*, 189 Colo. 230, 539 P.2d 1246 (1975).

## III.

■ Defendant contends that his prior second degree burglary conviction was constitutionally invalid and could not be used to support the habitual criminal charge because in that proceeding he was not adequately informed of the nature and elements of the charge against him. We agree.

Due process requires that the defendant understand the nature and critical elements of the charges against him. *Lacy v. People*, 775 P.2d 1 (Colo.1989).

Here, before accepting the defendant's 1976 guilty plea to second degree burglary, the trial court read the information charging the defendant with that offense. The trial court's inquiry into the factual basis for the plea, however, disclosed that defendant's involvement in the burglary was indirect.

Defense counsel explained that defendant did not enter the building, but that his involvement occurred afterwards when he accepted the fruits of the burglary. The following colloquy then occurred:

"The Court: He says that he participated in the fruit of the burglary and knew that the burglary had been accomplished in order to generate whatever goods were obtained?

"Defense Counsel: That is correct, and further, in furtherance of the offer of this plea, your Honor, there are other charges for which the defendant is culpable which are being dismissed.

"The Court: Does he understand that even though he feels as though he did not participate directly in the burglary, that as an accessory, he can be as guilty as the principal?

"Defense Counsel: I believe he does.

"The Court: Do you understand that?

"Defendant: Yes, I do."

This colloquy should have alerted the trial court that defendant's criminal liability, if any, for burglary was based on a complicity theory, which is not a concept readily understandable by lay persons. *Cf. People v. Trujillo*, 731 P.2d 649 (Colo. 1986). The court did not explain the elements of complicity to defendant, and defendant's responses do not show an under-

standing of the concept as applied to him. Accordingly, we conclude that under these circumstances defendant was not adequately advised of the nature and elements of the charge against him, and thus, being constitutionally defective, that conviction cannot be used to support the habitual criminal charge. *See People v. Cisneros,* 665 P.2d 145 (Colo.App.1983).

Since the burglary conviction was necessary to establish the requisite number of prior convictions, the habitual criminal adjudication cannot stand.

Because of the foregoing conclusion, we need not address defendant's contention that the verdict forms on the habitual offender charge were erroneous.

The judgment of conviction on the sexual assault, burglary, and robbery charges is affirmed. The adjudication of defendant as an habitual offender and the resulting enhanced sentence is reversed, and the cause is remanded for resentencing.

PIERCE and JONES, JJ., concur.