**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL JOSEPH MARTIN,

　　　　Petitioner-Appellant,

v.

LARRY EMBRY; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

　　　　Respondents-Appellees.

No. 99-1203

(D.C. No. 97-N-2115)
(D.Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following his conviction for a number of state law offenses, Daniel Joseph Martin sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court ruled that Martin's habeas petition was barred by the one-year statute of limitation set forth in 28 U.S.C. § 2244(d). Because we conclude that Martin filed a motion for collateral relief that tolled the limitation period, we reverse the district court's dismissal of Martin's petition.

I.

Martin was convicted in 1986 of several criminal offenses under Colorado law. These offenses included first degree sexual assault, second degree burglary, aggravated robbery, "a crime of violence," and "of being a habitual offender." See People v. Martin , 791 P.2d 1159, 1160 (Colo. Ct. App. 1989). The trial court sentenced Martin to 50 years imprisonment. Martin appealed, asserting that the trial court erred by (1) requiring him to display a scar on his abdomen to the jury; (2) failing to suppress evidence of an unconstitutional prior conviction, which deterred Martin from testifying in his own defense; (3) submitting inadequate instructions to the jury on the habitual criminal count; and (4) failing to compel the attendance of an investigating officer. In 1989, the Colorado Court of Appeals affirmed Martin's conviction on the first four charges, but reversed Martin's conviction on the habitual criminal charge. Id. at 1160-62. The court of appeals denied Martin's petition for rehearing, and the Colorado Supreme Court denied the parties' petitions for certiorari. In accordance with the decision by the court of appeals, the trial court resentenced Martin to 40 years imprisonment and

2

issued an amended mittimus in 1990.

In 1993, Martin filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). Martin alleged in the motion that he received ineffective assistance of counsel and that the trial court failed to properly advise him of his rights under People v. Curtis, 681 P.2d 504 (Colo. 1984). The trial court denied the motion without a hearing. Martin again appealed. A Colorado appeals court affirmed the trial court's order in 1994, and the Colorado Supreme Court denied certiorari in 1995.

Martin filed a motion for "Correction of Mittimus" and "Sentence Reconsideration" (the "sentence reconsideration motion," or "SRM") in April 1996. Martin argued in the motion that (1) the mittimus issued by the trial court in 1990 accurately reflected his 40-year sentence but mistakenly referred to Martin's "former status as an habitual offender," see SRM ¶ 7; and (2) his 40-year sentence should be further reduced "in light of various factors which did not exist at the time of his 1990 resentencing." Id. ¶ 8. Martin contended that the mittimus should be amended pursuant to Colorado Rule of Criminal Procedure 35(a), and that his sentence should be reduced pursuant to Rule 35(b).[1] In

_____

[1] Rule 35 states in relevant part:

(a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an

(continued...)

3

September 1996, a Colorado district court granted Martin's request to amend his mittimus and denied Martin's motion to reduce his sentence.

Martin filed his federal habeas petition in August 1997. Martin's petition contains three claims: (1) that the trial court "chilled" his constitutional right to testify by refusing to suppress the invalid prior conviction; (2) that the trial court's decision to require him to display the scar on his abdomen interfered with his right to due process; and (3) that his trial counsel, who purportedly was under the influence of cocaine while prosecuting the case, provided ineffective assistance. Adopting the recommendation of a magistrate judge, the federal

---

[1](...continued)
illegal manner within the time provided herein for the reduction of sentence.

    (b) Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.

Colo. R. Crim. P. 35(a)-(b). Martin's motion to amend his mittimus arguably should have been filed pursuant to Rule 36 rather than Rule 35(a). Rule 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

4

district court concluded that Martin's petition was untimely and dismissed it with prejudice. We previously granted Martin's request for a certificate of appealability, and now consider the district court's dismissal of the petition under 28 U.S.C. § 2244(d).

## II.

The sole issue before us is whether Martin's habeas petition was timely. Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." The limitation period generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "the one-year statute of limitation does not begin to run until April 24, 1996." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998); accord Barnett v. LeMaster, 167 F.3d 1321, 1322 (10th Cir. 1999). Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

The State contends that Martin's SRM did not toll the limitation period

5

because it failed to satisfy the requirements of 28 U.S.C. § 2244(d)(2). [2] First, the State argues that the SRM was not one for "post-conviction or other collateral review" because Colorado Rules of Criminal Procedure 35(b) and 36 cannot be used to challenge a judgment of conviction. The State maintains that the purpose of Rule 35(b) is merely "to allow for discretionary reduction of a sentence," Response Brief of Respondents-Appellees at 12, and the aim of Rule 36 is simply to correct clerical errors. Second, the State argues that Martin's SRM did not relate to any "pertinent judgment or claim." According to the State, the SRM "did not present any of Mr. Martin's present federal claims to the state courts for potential exhaustion of state remedies, nor did it seek to challenge the validity of Mr. Martin's conviction." Id. at 15.

These arguments miss the mark. No authority cited by the State holds that motions for "post-conviction or other collateral review" are limited to those that contain constitutional challenges to the movant's conviction. Nor do any of the cases cited by the State indicate that a movant's sentence is somehow unrelated to the "judgment or claim" described in 28 U.S.C. § 2244(d)(2). Martin timely filed his sentence reconsideration motion pursuant to Colorado Rule of Criminal

---

[2] The State acknowledges that if Martin's SRM tolled the limitations period, his habeas application was timely. See Response Brief of Respondents-Appellees at 10-11 (noting that Martin's SRM was pending from April 1996 through September 1996, and that "[i]f the running of the limitation period was tolled during [that time], then his federal habeas petition was timely filed").

Procedure 35, which is expressly entitled "Postconviction Remedies." Such a motion is sufficient to toll the one-year limitation period under 28 U.S.C. § 2244(d)(2). See Upshur v. Hickock, No. 99-1156, 1999 WL 710352, at *1 (10th Cir. Sept. 13, 1999) (unpublished opinion) (concluding that a Colorado defendant's Rule 35(b) motion tolled the AEDPA "time clock"). To hold otherwise would raise questions of comity, because it appears that Colorado retained jurisdiction over the case during the pendency of Martin's Rule 35(b) motion. See People v. Smith, 971 P.2d 1056, 1059 (Colo. 1999) (stating that Rule 35(b) "suspends the concept of finality of a criminal judgment of conviction" and "defines the time frame during which the sentencing court retains jurisdiction to reconsider a sentence") (citation and internal quotation marks omitted). Accordingly, we REVERSE the district court's order dismissing Martin's habeas petition on timeliness grounds and REMAND the case for further proceedings consistent with this opinion.

Entered for the Court

Mary Beck Briscoe
Circuit Judge