FILED
United States Court of Appeals
Tenth Circuit

April 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID TURLEY,

  Petitioner–Appellant,

v.

AL ESTEP, Limon Correctional
Facility; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

  Respondents–Appellees.

No. 09-1215
(D.C. No. 1:04-CV-00789-PAB-CBS)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

David Turley requests a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA

and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Adopting the recommendations of a magistrate judge, the district court dismissed several of Turley's claims on procedural grounds and denied his remaining claims on the merits.  To obtain a COA for the procedural rulings, Turley must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To obtain a COA for the merits rulings, Turley must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

## I

The district court found that many of Turley's claims had not been exhausted through the course of Turley's direct appeals and two state post-conviction proceedings relating to the convictions challenged here.[1]  Concluding that state court review would now be unavailable, the court dismissed these claims under the "anticipatory procedural bar" doctrine.  See Coleman v.

---

[1] The direct appeals are People v. Turley, Denver Dist. Court Nos. 89CR1651 & 89CR1652, aff'd, 870 P.2d 498 (Colo. App. 1993) (affirming convictions in 89CR1651), cert. denied, 93SC539 (Colo. Mar. 21, 1994), and aff'd, 92CA0874 (Colo. Mar. 24, 1994) (affirming convictions in 89CR1652), cert. denied, 94SC357 (Colo. Nov. 29, 1994).  The post-conviction proceedings are People v. Turley, 18 P.3d 802 (Colo. App. 2000), cert. denied, 00SC711 (Colo. Feb. 20, 2001), and People v. Turley, 01CA1991 (Colo. App. Nov. 6, 2003), cert. denied, 03SC794 (Colo. Mar. 22, 2004).

Thompson, 501 U.S. 722, 735 n.1 (1991). The propriety of that ruling is not debatable.

As the magistrate judge explained, claims three, nine, and ten—in which Turley objected to the admission of evidence relating to his arrest warrant, a search warrant for his wife's vehicle, and the probable cause determinations underlying the warrants—were not raised in Turley's direct appeals or post-conviction proceedings.[2] Similarly, claim eight, regarding severance of Turley's habitual criminal proceeding from that of his co-defendant, and claim eleven, regarding a jury instruction on complicity, were never raised before the Colorado Court of Appeals either on direct appeal or during post-conviction proceedings.

Turley also failed to exhaust part of his fifth claim, which challenges three prior convictions upon which the state court relied for the habitual criminal adjudication. Turley did challenge a 1979 conviction in his initial post-conviction proceeding, see Turley, 18 P.3d at 806, but omitted this challenge from the certiorari petition he filed with the Colorado Supreme Court. "Claims not included in a petition for discretionary review to the state's highest court are not

---

[2] Turley insists that he exhausted these claims, but he merely raised similar objections in state proceedings involving a separate sexual assault prosecution not at issue in this habeas proceeding. See People v. Turley, Denver Dist. Court No. 89CR1827, aff'd, 90CA1542 (Colo. App. May 20, 1993), cert. denied, 93SC485 (Colo. Dec. 27, 1993); People v. Turley, 99CA0037 (Colo. App. July 27, 2000) (affirming denial of post-conviction relief), cert. denied, 00SC710 (Colo. Feb. 20, 2001).

exhausted and are procedurally defaulted when, as here, they are now

time-barred." Gonzales v. McKune, 279 F.3d 922, 924 (10th Cir. 2002).

Claim twelve—ineffective assistance of trial counsel—was only partially

exhausted. Turley's allegation that trial counsel was ineffective for failing to

adequately investigate and challenge the prior convictions underlying his habitual

criminal determination was rejected on the merits in his last post-conviction

proceeding. See Turley, 01CA1991.[3] But his additional allegations that trial

counsel improperly informed Turley about his right to testify in the habitual

criminal phase of the trial and failed to move for a mistrial based on the

incompetence of co-defendant's counsel were not exhausted.

Finally, Turley's claim four—in which he complains the prosecution

elicited testimony from his wife regarding the fact that he was in jail—was

addressed by the district court on the merits. The court evidently concluded that

this claim was preserved as part of the cumulative error claim presented in

Turley's first post-conviction proceeding challenging the convictions currently

---

[3] Turley raised this issue in conjunction with a claim of ineffective assistance of post-conviction counsel for failing to argue trial counsel's ineffectiveness in earlier post-conviction proceedings. Although Colorado recognizes claims of ineffective assistance of post-conviction counsel under state law, see Silva v. People, 156 P.3d 1164, 1168-69 (Colo. 2007), there is no federal constitutional right to such counsel and hence no corresponding claim cognizable in habeas proceedings. Coleman, 501 U.S. at 752. For this reason, ineffective assistance of post-conviction counsel cannot serve as "cause and prejudice" in habeas proceedings to excuse a state procedural default. Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007).

-4-

under review. However, this claim was not raised independently or as a component of a broader cumulative error claim in that or in any other state proceeding related to the criminal prosecution under review here.[4]

These exhaustion deficiencies bar habeas review under the anticipatory procedural bar doctrine. Procedural bar may be avoided if "the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008), cert. denied, 130 S. Ct. 238 (2009). But Turley has not attempted to show that either exception applies here.

**II**

**A**

Turley argues that Colorado's scheme for handling peremptory challenges violated his constitutional rights in two respects. First, he contends that he was afforded fewer peremptory challenges than a capital defendant would receive when facing the same (life) sentence he faced as an habitual-criminal defendant. Second, he claims that the joint peremptory challenges allotted the defense in multi-defendant criminal prosecutions deprived him of the guaranteed number of individual challenges he would have received had he been tried alone.

---

[4] A similar claim was rejected on the merits in connection with a separate sexual assault prosecution against Turley, which is not challenged in this habeas proceeding. See People v. Turley, 99CA0037 (Colo. App. July 27, 2000), cert. denied, 00SC710 (Feb. 20, 2001).

The Supreme Court "has consistently held that there is no freestanding constitutional right to peremptory challenges." Rivera v. Illinois, 129 S. Ct. 1446, 1453 (2009). Consequently, "the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides." Ross v. Oklahoma, 487 U.S. 81, 89 (1988). Turley does not allege that he received fewer peremptory challenges than Colorado law provided for a defendant in his circumstances.

However, Turley appears to argue that Colorado law violates equal protection principles. Because neither a suspect class nor a fundamental right is involved,[5] the State need possess only a legitimate interest rationally related to the challenged statutory distinction. Vacco v. Quill, 521 U.S. 793, 799 (1997). It clearly does: Capital offenses, regardless of whether they implicate the death penalty, are "plainly the most serious offenses," warranting a unique allowance (for the defense and the State) of peremptory challenges. Turley, 18 P.3d at 805. Further, the State has a legitimate interest in "equaliz[ing] the number of peremptory challenges allotted to each side in a criminal case in which defendants are jointly tried." People v. Gardenhire, 903 P.2d 1159, 1162 (Colo. App. 1995), overruled on other grounds, Valdez v. People, 966 P.2d 587 (Colo. 1998).

---

[5] Non-capital defendants are obviously not a suspect class, and "peremptory challenges are not constitutionally protected fundamental rights," Georgia v. McCollum, 505 U.S. 42, 57 (1992).

**B**

Turley next claims that he was not adequately advised about the considerations related to his decision whether to testify at trial. The only authority he relies on for the necessity and content of this advisement, known in Colorado as the "Curtis Advisement," is state case law, specifically People v. Curtis, 681 P.2d 504, 514 (Colo. 1984), and People v. Gray, 920 P.2d 787, 789-90 (Colo. 1996). As the district court noted, there is no general requirement under federal law that a trial court inquire into a defendant's decision whether to testify, much less advise a defendant regarding the potential consequences of that decision. See United States v. Janoe, 720 F.2d 1156, 1161 (10th Cir. 1983). Accordingly, Turley is not entitled to § 2254 relief on this ground.

**C**

Turley claims that the habitual-criminal verdict form used in his case did not set out all elements for the enhancement, and therefore "contradicted" the instructions read to the jury setting out those elements. The Colorado Court of Appeals rejected this claim of error, noting that the verdict form was plainly intended to be guided by the instructions. See Turley, 18 P.3d at 807 ("The instructions and the verdict forms, taken together, properly informed the jury of each and every necessary element . . . ." (citation omitted)). We agree.[6]

---

[6] Turley also claims that the trial court deprived him of a fair trial by failing to re-instruct the jury in the habitual-criminal phase regarding such matters

(continued...)

-7-

**D**

Turley claims that trial counsel was ineffective for failing to challenge the prior convictions underlying his habitual-criminal charges. The state courts rejected this claim, holding that counsel could not be ineffective on this basis because the time for challenging the prior convictions under Colo. Rev. Stat. § 16-5-402 had expired before the prosecutions under review here were brought. See People v. Mershon, 874 P.2d 1025, 1035-37 (Colo. 1994) (applying § 16-5-402 to bar similarly belated challenge to prior conviction in habitual-criminal prosecution). Under these circumstances, an ineffective assistance of counsel claim is not viable.

**E**

Turley seeks habeas relief on the ground that the prosecution did not provide the home address of one of Turley's assault victims who, out of concern for her safety, requested that such information not be disclosed. The district court rejected this claim, noting that defense counsel had the opportunity to interview the victim, as well as cross-examine her at both the preliminary hearing and trial. We agree with the district court's conclusion that Turley was not denied his right

---

[6](...continued)
as the defendant's right not to testify and the impermissibility of inferring guilt from the mere fact of formal accusation. Although this claim was presented to the Colorado Court of Appeals, it was not included in Turley's petition for certiorari to the Colorado Supreme Court and is thus procedurally barred. See Gonzales, 279 F.3d at 924.

to confront this witness.  Nor has Turley suggested exculpatory information could have been developed only through access to the victim's home address.

## F

Turley raised two issue below that he did not address in his appellate briefing:  (1) his  objection to the consolidation for trial of his prosecutions for two separate sexual assaults; and (2)  his exhausted challenges to prior convictions for sexual assault in 1981 and 1982.  Because Turley did not argue these points in his briefing to this court, they are waived.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998).

## G

Lastly, Turley claims the cumulative effects of the above-discussed alleged errors resulted in prejudice.  Given the preceding analysis of Turley's substantive claims, there is no arguable basis for a finding of cumulative error.

## III

We **DENY** Turley's application for COA and **DISMISS** this appeal.  We do not consider Turley's filings in this matter frivolous, however, and therefore **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge