**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LESSELL H. MOORE,

     Petitioner - Appellant,

v.

DEAN WILLIAMS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 20-1171
(D.C. No. 1:19-CV-02296-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Lessell Moore, proceeding pro se,[1] seeks a certificate of appealability (COA) to

appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For the reasons

explained below, we deny Moore's request for a COA and dismiss this matter.

Colorado charged Moore with attempted first-degree murder, two counts of first-

degree burglary, first-degree assault, attempted sexual assault, menacing, and violation of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Moore's pro se filings. But we will not act as his advocate or excuse his failure to follow procedural rules. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

a protective order. At the trial, he waived his right to testify. Ultimately, the jury convicted Moore on all charges, and the state trial court sentenced Moore to 224 years' imprisonment.

Moore first appealed his conviction to the Colorado Court of Appeals (CCA). He argued that the trial court failed to properly advise him of his right to testify and that, as a result, his subsequent waiver of his right to testify was defective. The CCA rejected the claim on its merits. But the Colorado Supreme Court vacated the CCA's judgment because, in Colorado, such arguments can be made only in postconviction proceedings, not on direct appeal. In response, Moore filed for state postconviction relief with the state district court. Relevant here, he argued that the he did not validly waive his right to testify because (1) he was not competent to waive that right and (2) the trial court failed to properly advise him on his waiver. When the district court denied relief, Moore again appealed to the CCA, which affirmed the denial.

Moore next filed this § 2254 petition in federal court. His petition reasserted the same right-to-testify claim from the state postconviction proceedings, along with two new claims. In his two new claims, Moore argued (1) he improperly received a posttrial competency hearing instead of a pretrial competency hearing and (2) he received ineffective assistance of trial counsel. The federal district court determined that Moore failed to exhaust his two new claims in the state-court proceedings. The court further determined that Moore "is time-barred from" presenting the claims in state court under Colorado law. App. 163. Accordingly, the court held that Moore procedurally defaulted the two new claims.

The district court also determined that no exceptions excused Moore's procedural default. The court pointed out that Moore's procedural defaults preclude habeas relief unless Moore can "demonstrate cause for the default and actual prejudice as a result of the federal law violation or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Id.* at 164; *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining exceptions). And it concluded that Moore "[did] not allege specific facts" in support of either exception. App. 165, 168. Instead, Moore argued that his procedural default is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), because he received ineffective assistance of counsel. But the district court explained that *Martinez* "only applies when the defaulted claim is an ineffective[-]assistance[-]of[-]counsel claim." App. 165. Moreover, Moore procedurally defaulted his ineffective assistance of trial counsel claim by not appealing it during his state postconviction proceedings. And, as the district court explained, "*Martinez* does not extend to excuse procedural default based on alleged ineffectiveness by postconviction appellate counsel." *Id.* at 167. Accordingly, the district court concluded that *Martinez* is inapplicable. Because Moore procedurally defaulted his two new claims, and because no exceptions excused his default, the court dismissed both claims.

In a separate order, the district court considered the merits of Moore's claim regarding his right to testify. Recall that Moore's right-to-testify claim includes two arguments: whether the trial court adequately advised him of his right to testify and whether he was competent to knowingly and voluntarily waive that right. The court first explained that Moore is only entitled to habeas relief if the state court's resolution of the

3

claim "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.'" App. 195 (quoting § 2254(d)). Beginning with the first argument, the district court noted that Moore relies on state law, not federal law. Specifically, Moore argues that the state trial court's explanation of his waiver was defective under *People v. Curtis*, 681 P.2d 504 (Colo. 1984). But, as the district court explained, *Curtis*'s state-law requirements are not consistent with federal law. App. 198. Under federal law, "'there is no general requirement . . . that a trial court inquire into a defendant's decision whether to testify, much less advise a defendant regarding the potential consequences of that decision.'" *Id.* (quoting *Turley v. Estep*, 375 F. App'x 867, 870 (10th Cir. 2010) (unpublished)). Because Moore alleges a violation of state law and the court can only grant relief for violations of federal law, the court rejected this argument.

The district court then considered the second argument—whether, as a factual matter, the CCA erred by determining that Moore's was "competent to decide whether to testify." App. 198; *see also Medina v. California*, 505 U.S. 437, 439 (1992) (explaining that Due Process Clause "prohibits the criminal prosecution of a defendant who is not competent to stand trial"). And the court concluded that the record demonstrated that:

> [Moore] was advised of his right to testify, the ramifications of testifying, and was asked if his decision to not testify was knowing and his alone. [Moore] responded to the trial court that he understood that it was his choice and not his attorneys' choice to decide whether he would testify. He verified he decided to not testify, that it was his decision alone, and his decision to not testify was free and voluntary.

4

App. 201. And so, based on these facts, the CCA reasonably determined that Moore was competent to waive his rights. *See* § 2254(d) (requiring courts to affirm reasonable "determination[s] of the facts"). Accordingly, the district court denied Moore's claim and dismissed his petition.

Moore now seeks to appeal the district court's order denying his habeas petition, but he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1). We will issue a COA only if Moore makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). But despite his burden, Moore does not challenge the district court's analysis. Instead, Moore only restates the nature of his claims. *See id.* (noting petitioner's burden). And although Moore is pro se, we cannot act as his advocate by formulating possible arguments he could make to carry his burden. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (noting that "we are not required to fashion [a pro se litigant's] arguments for him [or her]"). Accordingly, Moore's failure to challenge the district court's analysis precludes us from considering his claims. *Smith v. Aldridge*, 904 F.3d 874, 887 (10th Cir. 2018) (declining to consider claim where petitioner "failed to challenge the district court's conclusion").

Because Moore failed to challenge the district court's resolution of his claims, we deny his request for a COA and dismiss this matter.  Appellant's motion to proceed *in forma pauperis* is granted.

Entered for the Court


Nancy L. Moritz
Circuit Judge